IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TABATHA TOWER, *et al.*, | : | |
| | : | Case No. 15-cv-2405 |
| **Plaintiffs,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Kemp |
| AMAZON.COM, INC., *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

Before the Court are Plaintiff Tabatha Tower's Motions for Default Judgment (Docs. 11, 41, 51), Defendant Rosedog Books' ("Rosedog") Motion to Compel Arbitration and Dismiss or, in the alternative, to Stay, (Doc. 33), and Amazon.com Inc's ("Amazon") Motion to Strike as Moot the first of Plaintiff's two above-mentioned Motions for Default Judgment (Doc. 35). Also before the Court are Plaintiff's Motions to Change Venue (Doc. 45), to Withdraw Motion to Change Venue (Doc. 49), and to Move to Trial in the Dorrance Publishing/Rosedog Books Case (Doc. 52).

This is a negligence, copyright, and breach-of-contract case involving a book written by Plaintiff and merchandised online. Plaintiff, the author of the book, requests injunctive relief prohibiting certain vendors from selling the book, declaratory relief finding Rosedog in violation of contract, and money damages amounting to over $19 million for copyright violations and breach of contract. (Am. Compl., Doc. 30 at 4.) For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Rosedog's Motion to Dismiss, **DENIES as MOOT** Amazon's Motion to Strike, and **DENIES** Plaintiff's Motions for Default Judgment. The Court **GRANTS** Plaintiff's Motion to Withdraw Motion to Change Venue and, thus, **DENIES as MOOT**

1

Plaintiff's Motion to Change Venue. Finally, the Court **DENIES** Plaintiff's Motion to Move to Trial.

## I. BACKGROUND

### A. Factual Background

Plaintiff is an author who supplied her books for vending at Amazon.com, Amazon's retail website. She alleges that Rosedog is in breach of contract by merchandising her materials against her wishes and outside of the terms of an agreement between them (the "Agreement"), which they entered into on October 25, 2009. (*Id.*; Pl.'s Resp. in Opp. at Ex. 1.) In response to Rosedog's activity, Plaintiff asked that it remove its merchandising site or pay her royalties from its profits, which Rosedog refused to do. (Doc. 30 at 3.) Plaintiff and Rosedog canceled the Agreement in January of 2011, after which Plaintiff alleges that Rosedog, "in bitterness and retaliation," posted one of her books in full to the internet website Google.com ("Google"), which she discovered in February of 2015. According to Plaintiff, making the book available for free public access interfered with her ability to earn a profit from her written work. (*Id.*)

### B. Procedural History

Plaintiff and other entities[1] filed a complaint on June 12, 2015. (Doc. 1.) On September 2, 2015, Rosedog filed a motion to dismiss (Doc. 7.) Plaintiff filed an amended complaint on December 10, 2015 (Doc. 30). Rosedog again filed a motion to dismiss, (Doc. 33), incorporating in full the memoranda from both its prior motion to dismiss and its reply in opposition to Plaintiff's response to Rosedog's first motion to dismiss. On December 28, 2015, Plaintiff filed a notice purportedly withdrawing her amended complaint, asking the Court to "rule over the original complaint" against Defendants. (Doc. 37.)

---

[1] It is unclear who or what the other Plaintiffs are. Given their names (TAT Books, Tower Productions, and BRT Adventure Books), and given their being represented pro se, the Court presumes them to be entities of some close relation to Plaintiff.

On September 21, 2015, Plaintiff moved for default judgment against Amazon, (Doc. 11), to which Amazon responded on October 16, 2016. (Doc. 17). On December 23, 2015, Amazon filed a Motion to Strike Plaintiff's Motion for Default Judgment. (Doc. 35.) On May 12, 2016, Plaintiff filed another Motion for Default Judgment, (Doc. 41), to which Amazon responded on July 26, 2016. (Doc. 54). On June 24, 2016, Plaintiff filed a Motion to Change Venue. (Doc. 45.) She filed a Motion to Withdraw the Motion to Change Venue on July 19, 2016. (Doc. 49.) Finally, on July 19, 2016, Plaintiff filed a Motion to Move to Trial in the Dorrance Publishing/Rosedog Books Case, i.e., the case at issue in this Opinion and Order on Rosedog's Motion to Dismiss (Doc. 52).

## II. STANDARD

### A. Motion to Dismiss

The Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Thus, the Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations need not be detailed but must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

3

555 (2007), and it must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Additionally, and pertinent here, even if Plaintiff sufficiently states a claim for relief, the Court will grant the motion to dismiss if "the undisputed facts conclusively establish an affirmative defense as a matter of law." *Hensley Mfg. v. ProPride, Inc.*, 579 F. 3d 603, 613 (6th Cir. 2009) (citing *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003) (supporting dismissal due to an affirmative defense when "the facts that establish the defense" are "definitively ascertainable from the allegations of the complaint," and when those facts "conclusively establish" the defense)).

Finally, the Court recognizes that Plaintiffs are proceeding without the benefit of an attorney. A *pro se* litigant's pleadings must be, and in this instance are, construed liberally and have been held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Default Judgment

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Federal Rule of Procedure 55(b) sets forth the procedure for entering default judgment, which may either be entered by the clerk if it is not against a minor or incompetent defaulted defendant, is supported by an affidavit, and requests a sum either certain or that can "be made certain by computation." The movant must apply to the court for a default judgment in all other cases. *Id.*

### III. ANALYSIS

### A. Motion to Dismiss

Rosedog's motion to dismiss Plaintiff's Complaint[2] relies on an affirmative defense provided by section 3 of the Federal Arbitration Act, 9 U.S.C. § 1-19 ("the Act"), which prescribes that a Court shall stay any suit brought in federal court "referable to arbitration under an agreement in writing for such arbitration . . . upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement" so long as "the applicant for the stay is not in default in proceeding with such arbitration." Rosedog also moves under 9 U.S.C. § 4 for the Court to compel arbitration in Pittsburgh, Pennsylvania. Under that section of the Act, a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court" that would otherwise have jurisdiction "for an order directing that such arbitration proceed in the manner provided for in such agreement."

Broadly, policy supporting the Act is to "ensure the enforceability, according to their terms, of private agreements to arbitrate." *Volt Info. Scis., Inc. v. Bd. of Trs.of Leland Stanford Jr. Univ.*, 489 U.S. 468, 476 (1989). To that end, the Court must "examine[] arbitration language in a contract in light of the strong federal policy in favor of arbitration, resolving any doubts as to the parties' intentions in favor of arbitration." *Hurley v. Deutsche Bank Trust Co. Ams.*, 610 F.3d 334, 338 (6th Cir. 2010) (citations and internal quotation marks omitted). Whether arbitration is appropriate "is a matter of contract between the parties, and one cannot be required to submit to

---

[2] Parties express some uncertainty as to which of Plaintiff's two complaints is operative. Plaintiff's December 28, 2015 Notice of Withdrawal purported to withdraw her amended complaint so that the Court would consider her original complaint the operative one. (Doc. 37.) The Court finds Plaintiff's amended complaint the only operative one, "because an amended complete super[s]edes all prior complaints." *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008) (citation omitted) (prohibiting a plaintiff from asserting a claim pleaded in a prior complaint yet not pleaded in the amended complaint).

arbitration a dispute which it has not agreed to submit to arbitration." *NCR Corp. v. Korala Assocs., Ltd.*, 512 F.3d 807, 813 (6th Cir. 2008) (quoting *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005)).

The Court has four tasks to determine whether to stay this matter and compel arbitration under the Act:

> first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003).

Rosedog points to an October 25, 2009 publishing agreement (the "Agreement") between it and Plaintiff. (Pl.'s Resp. in Opp'n, Doc. 9 at Ex. 1.6.) The Agreement includes the following:

> This Agreement is entered into in the County of Alleghany and Commonwealth of Pennsylvania; and it is the entire Agreement between the parties; and any verbal statements not specifically incorporated into this written Agreement are abandoned, void and of no force and effect; and this written Agreement is the entire and only Agreement between the parties.
>
> Any dispute, controversy or claim, of whatsoever nature, concerning, arising out of or relating to this [A]greement, or the breach thereof, or the said Work, and any dispute, controversy or claim, of whatsoever nature, arising between author and Rose[d]og (including Rose[d]og's officers, directors and employees) shall be governed by the substantive and procedural law of the State of Pennsylvania, including Pennsylvania arbitration law and shall be resolved by binding arbitration, administered by the American Arbitration Association then in effect, and judgment upon the award rendered by the arbitrator may be entered in a court having jurisdiction thereof. . . .
>
> The arbitration proceedings shall be held and conducted in Pittsburgh, Pennsylvania. Each party shall be required to appear at the arbitration proceeding in person and expressly waives the right, if any, to appear telephonically or by written submission.

Plaintiff disputes neither that she agreed to arbitrate nor that the arbitration provision is broad. At issue now is whether Plaintiff's claims are arbitrable. Plaintiff argues that because Plaintiff and Defendant terminated the Agreement in 2011, the arbitration provision is now null. (Doc. 17 at 1.) This argument is unavailing. The cancelation of a contract does not necessarily extinguish the effect of an arbitration clause. Indeed, "when a dispute arises under an expired contract that contained a broad arbitration provision, courts must presume that the parties intended to arbitrate their dispute. This is so even if the facts of the dispute occurred after the contract expired." *Riley Mfg. Co., Inc. v. Anchor Glass Container Corp.*, 157 F.3d 775, 781 (10th Cir. 1998) (citation omitted). The presumption of arbitrability can be overcome, but only when "negated expressly or by clear implication." *Id.* (citation omitted). There is no indication that either party intended to override their arbitration agreement. As such, the Court finds that claims that were arbitrable in the Agreement remain arbitrable even after the Agreement's expiration.

The Court now turns to the arbitrability of each of Plaintiff's claims. In making this determination, the Court must examine the Agreement and then "engage in a limited review to determine whether . . . the specific dispute falls within the substantive scope of that agreement." *U.S. ex rel. Paige v. BAE Sys. Tech. Solutions & Servs., Inc.*, 556 F. App'x 500, 502 (6th Cir. 2014). Where, as here, a court considers a broad arbitration clause that "cover[s] *any* dispute arising out of an agreement," the Court must determine "whether [it] can resolve the instant case without reference to the agreement containing the arbitration clause." *NCR Corp. v. Korala Assocs., Ltd.*, 512 F.3d 807, 813-14 (6th Cir. 2008) (citations and internal quotation marks omitted). If the Court does not need to reference the agreement to resolve a claim, "then compelled arbitration is inappropriate as to that claim unless the intent of the parties indicates otherwise." *Id.* at 814. There is no indication that any party ever intended to amend the

7

arbitration provision, so the Court must determine merely the arbitrability of each of Plaintiff's claims, which are Rosedog's merchandising of Plaintiff's work in breach of the Agreement, and Rosedog's putting Plaintiff's work on Google in violation of Plaintiff's copyright.

As to breach of contract, Plaintiff alleges that Rosedog merchandised her work outside the scope of their Agreement. Specifically, Plaintiff alleges that Rosedog, without permission, marketed t-shirts, coffee mugs, and other goods for sale on the internet. (Pl.'s Aff., Doc. 9 at ¶ 2.) After Plaintiff notified Rosedog that she thought merchandising the goods constituted breach of the Agreement, parties agreed to cancel the Agreement. (*Id.*) Determining whether Rosedog's activity breached the Agreement necessitates referring to the Agreement. As such, Plaintiff's claim for breach of contract is subject to the Agreement's arbitration provision and, thus, should be referred to arbitration.

As to copyright infringement, Plaintiff alleges that Rosedog published her entire book on Google, which Plaintiff discovered in early 2015. (*Id.* ¶ 3.) Plaintiff further alleges that Rosedog did so negligently and in violation of her copyright. (*Id.*) The Copyright Act, 17 U.S.C. §§ 101-1332, protects the intellectual property of copyright owners, which include authors of certain works. A copyright owner has the exclusive rights, among others, to reproduce, distribute, and publicly display copies of her work. *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004) (citing 17 U.S.C. § 106). A copyright owner may bring a claim for infringement by demonstrating: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Id.* (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Although the Court would not need to refer to the Agreement to determine whether Plaintiff owns a valid copyright, the Court would need to refer to the Agreement to determine

8

whether Rosedog violated Plaintiff's copyright by publishing the work to Google because the Agreement conferred certain rights concerning Plaintiff's book to Rosedog, including the non-exclusive right to make the book "available in digital formats that can be read on desktop computers, laptops, and portable reading devices." (Agreement, Doc. 9 at Ex. 1.4.) To determine whether Rosedog violated Plaintiff's copyright would necessitate referring to the Agreement to analyze the scope and duration of Rosedog's rights as to its alleged activity. On this claim, the matter is not meaningfully distinguishable from one of the claims in *Korala Associates* where, as here, a court found that a plaintiff could not maintain a copyright infringement case without referencing the agreement containing the arbitration clause to determine whether and to what extent the plaintiff authorized the defendant to use the copyrighted material encompassed by the agreement. 512 F.3d at 814. Because determining whether Rosedog violated Plaintiff's copyright by publishing her book to Google necessitates referring to the Agreement, Plaintiff's copyright claim is subject to the Agreement's arbitration provision and, thus, should be referred to arbitration.

Having conducted the limited review to determine the arbitrability of Plaintiff's claims against Rosedog, and having found that each of Plaintiff's claims against Rosedog is subject to the Agreement's arbitration provision, the Court **GRANTS** Rosedog's motion to stay and, under 9 U.S.C. § 3, the Court **STAYS** the matter as to Rosedog until the parties arbitrate Plaintiff's claims.

As to Rosedog's request to dismiss the case, Section 4 of the Act gives the Court authority to compel arbitration, and a court may dismiss the case after so doing. *See, e.g., Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009) (upholding district court's dismissal of case after compelling arbitration as to all claims). But although the Act

authorizes the Court to compel arbitration, it prescribes that "[t]he [arbitration] hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed." 9 U.S.C. § 4. This means that the Court has no power to refer arbitration anywhere but in the Southern District of Ohio. *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1009 (6th Cir. 2007) (noting that "district courts only have the power to compel arbitration within their own districts"). The Agreement provides that arbitration between parties must occur in Pittsburgh, Pennsylvania, which is not in the Southern District of Ohio. The Court cannot compel arbitration in Pittsburgh, and the Court declines *sua sponte* to compel arbitration in accordance with neither the parties' original contract nor the motion at issue.

Rosedog rightly points out that a court may dismiss a case entirely and with prejudice upon finding that, as here, each of the claims at issue should be referred to arbitration. *See, e.g., Hensel v. Cargill, Inc.*, 198 F.3d 245 (Table), No. 99-3199, 1999 WL 993775, at *4 (6th Cir., Oct. 19, 1999) ("Under § 3 of the [Act], . . . litigation in which all claims are referred to arbitration may be dismissed.") (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (finding that, although section 3 of the Act mandates a stay upon finding an issue referable to arbitration, "[the] rule . . . was not intended to limit dismissal of a case in the proper circumstances."); *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (finding no impropriety in dismissing a case when the movant requested only a stay under section 3 of the Act)). The Court nonetheless finds dismissal improper in this circumstance because here, unlike in the other cases, the Court has merely found that the claims are arbitrable but has not compelled arbitration. The Court thus exercises its discretion to **DENY without prejudice** Rosedog's motion to dismiss.

10

**B. Default Judgment**

Outstanding are three Motions for Default Judgment. (Docs. 11, 41, 51.) Defendant Amazon argues that the Court should deny the motions because Plaintiff failed to perfect service both by failing to include a copy of the Complaint with the summons, and by serving Amazon personally in violation of Federal Rule of Civil Procedure 4(c)(2), which prohibits any party from personally serving a summons and complaint. (Doc. 17 at 3-6.)

As to Amazon, an entry or judgment of default may be entered appropriately only when a defendant has been properly served. *Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Bd.*, 229 F.3d 1153 (Table), No. 99-5018, 2000 WL 1257040, at *5 (6th Cir., July 11, 2000). Amazon avers that Plaintiff failed to include a copy of the Complaint with the Summons, and that Plaintiff herself attempted personal service. (Doc. 17 at 3-7.) The former violates Federal Rule of Civil Procedure 4(c)(1), which requires "[a] summons . . . [to] be served with a copy of the complaint," and the latter violates Federal Rule of Civil Procedure 4(c)(2), which prohibits any party from effectuating service. Plaintiff does not dispute Amazon's averments. The Court finds that Plaintiff has not properly served Amazon, and thus finds that no default judgment may be ordered against it. The Court therefore **DENIES** Plaintiff's Motions for Default against Amazon. Because Amazon has since filed a responsive pleading to Plaintiff's Amended Complaint, (*see* Answer, Doc. 34), the Court does so **with prejudice**.

As to Anybooks and Kenkebooks, the Court cannot enter a default judgment under Rule 55(b) against any defendant before the Clerk of Court enters default under Rule 55(a) against the same. *Ramada Franchise Sys., Inc. v. Baroda Enters., LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) ("Entry of default . . . is a prerequisite to entry of a default judgment.") (citation and internal quotation marks omitted). Although Plaintiff has applied for an entry of default against

all Defendants, (*see* Doc. 40), the Clerk of Court has not yet entered default against any and, as such, the Court cannot yet consider the motions for default judgment against them. *See Sandoval*, 2000 WL 1257040, at *5. The Court thus **DENIES without prejudice as premature** Plaintiff's Motions for Default Judgment against Defendants Anybooks and Kenkebooks (Docs. 11, 41, 51). Having disposed of Plaintiff's Motions for Default Judgment, the Court **DENIES as MOOT** Amazon's Motion to Strike the first of Plaintiff's Motions for Default Judgment (Doc. 35).

## IV. CONCLUSION

The Court **GRANTS in part** and **DENIES in part** Rosedog's Motion to Dismiss or, in the alternative, to Stay (Doc. 33). The Court **DENIES** Rosedog's Motion to Dismiss, but **GRANTS** Rosedog's Motion in the alternative to Stay. The matter is stayed pending arbitration of Plaintiff's claims against Rosedog. Having stayed the matter, the Court **DENIES** Plaintiff's Motion to Move to Trial in the matter, (Doc. 52), which was unsupported by any law or rationale.

The Court **DENIES with prejudice** Plaintiff's Motions for Default Judgment against Amazon, and **DENIES without prejudice as premature** Plaintiff's Motions for Default Judgment against Anybooks and Kenkebooks (Docs. 11, 41, 51). The Court **DENIES as MOOT** Amazon's Motion to Strike Plaintiff's Request for Default Entry (Doc. 35). Finally, the Court **GRANTS** Plaintiff's Motion to Withdraw the Motion to Change Venue (Doc. 49) and, thus, **DENIES as MOOT** Plaintiff's Motion to Change Venue (Doc. 45).

IT IS SO ORDERED.

    s/Algenon L. Marbley
ALGENON L. MARBLEY
UNITED STATES DISTRICT COURT

**Dated: August 18, 2016**