UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TABATHA AUMETRA TOWER,** *et al.*,

    **Plaintiffs,**

                                            Civil Action 2:15-cv-2405
                                            Judge Algenon L. Marbley
    **v.**                                          Magistrate Judge Chelsey M. Vascura

**AMAZON.COM, INC.,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiffs filed their initial Complaint (ECF No. 1) on June 12, 2015, against Defendants, Amazon.com Inc., Rosedog Books, Kenkebooks, and Anybooks, and filed an Amended Complaint (ECF No. 30) against those Defendants on December 12, 2015. After filing their Amended Complaint, Plaintiffs had the Clerk issue summonses to Defendants Kenkebooks and Anybooks. (ECF No. 31.) Defendant Rosedog Books filed a Motion to Dismiss on December 16, 2015. (ECF No. 33.) Defendant Amazon.com Inc. filed an Answer on December 23, 2015. (ECF No. 34.) Thereafter, on December 28, 2015, Plaintiffs filed a green card certified mail receipt for Kenkebooks. (ECF No.36.) There is no indication on the docket that the Amended Complaint was served on Defendant Anybooks.

On May 12, 2016, Plaintiffs moved for an entry of default (ECF No. 40) but did not specify against whom, and filed another application for entry of default and a motion for default judgment on July 19, 2016, against Amazon.com Inc., Kenkebooks, and Anybooks. (ECF Nos. 50 & 51.) Those motions were denied in an Opinion and Order on August 18, 2016. (ECF No. 55.)

On November 9, 2016, the Court ordered Plaintiff to show cause as to why this action should not be dismissed against Defendants Kenkebooks and Anybooks for failure to timely effect service pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 58.) Specifically, Magistrate Judge Kemp instructed Plaintiff that:

> As the Court noted in the August 18, 2016 order, under Fed.R.Civ.P. 4(c)(2), a party may not make service herself, and under Rule 4(e), service may not be made by certified mail (unless that mail originates with the Clerk's office, see Local Civ. Rule 4.2, which incorporates Ohio's method of service). The Court therefore directs Plaintiff to show good cause within fourteen days of the date of this Order why this action should not be dismissed as to these two defendants or, alternatively, why an extension of time to effect service should be allowed. The good cause showing must be supported with a sworn affidavit or declaration under penalty of perjury.

(Nov. 9, 2016, Order, ECF No. 58.)

To date, Plaintiff has failed to respond to the Court's Show Cause Order. Moreover, this case is now at the summary judgment stage so any attempts to show cause or serve those Defendants would be prejudicial to Defendants. Typically, when defendants are dismissed from a case due to improper service, they are dismissed without prejudice. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1158 (6th Cir. 1991); Fed. R. Civ. P. 4(m). The facts and circumstances of this case, however, suggest that dismissal *with* prejudice may be appropriate. It is therefore **RECOMMENDED** that the this action be **DISMISSED WITH PREJUDICE** against Defendants Kenkebooks and Anybooks pursuant to Rule 4(m) for failure to timely effect service of process.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE