IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TABATHA TOWER, *et al.*, | : | |
| | : | Case No. 15-cv-2405 |
| Plaintiffs, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Vascura |
| AMAZON.COM, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter is before the Court on Defendant Amazon.com, Inc.'s ("Amazon") Motion for Summary Judgment (ECF No. 79) and Plaintiff Tabatha Tower's Cross-Motion for Summary Judgment (ECF No. 82). For the following reasons, the Court **GRANTS** Amazon's Motion for Summary Judgment (ECF No. 79) and **DENIES** Plaintiff's Cross-Motion for Summary Judgment (ECF No. 82).

### I. BACKGROUND

### A. Factual Background

In 2005, Plaintiff Tabitha Tower authored a book entitled "Crossing The Enemy: The Identity Crisis," (the "Book"). (ECF No. 82 at 35, Tower Aff. at ¶ 1). In 2007, Ms. Tower received a copyright for the Book from the U.S. Copyright Office. (*Id.* at ¶ 3). Subsequently, Ms. Tower entered into a publishing contract with Dorrance Publishing/Rosedog Books (the "Publisher"). (*Id.* at ¶¶ 4-5). The Publisher listed the Book for sale on its website, and also listed the Book with other sellers, including Defendant Amazon. (*Id.* at ¶ 6). Defendants Kenkebook and Any Book listed the Book for sale on Amazon's website. (*Id.* at ¶ 10). Records submitted by Amazon show that seven copies of the Book have been sold on Amazon.com—one

1

by Plaintiff's company, Tower Publishing Co., and six by Amazon. (ECF No. 79-1, McGrath Aff. ¶¶ 8-10). The six copies sold by Amazon were purchased from the Publisher. (*Id.* at ¶ 9, Ex. B). Neither Any Book nor Kenkebooks have sold any copies of the Book on Amazon.com. (*Id.* at ¶¶ 12-17, Ex. C).

### B. Procedural History

Ms. Tower and other entities[1] filed a complaint on June 12, 2015 against Amazon, Rosedog Books, Kenkebooks, and Any Book. (ECF No. 1). This Court stayed the case as to Defendant Rosedog Books, pending arbitration of Ms. Tower's claims against Rosedog Books pursuant to an arbitration agreement. (ECF No. 55 at 12). Ms. Tower sought default judgment against Kenkebooks and Any Book, but later withdrew her request. (ECF Nos. 18-21, 25). After filing an amended complaint, she again applied for a default judgment against Kenkebooks and Any Book, which the Court denied without prejudice as premature on August 18, 2016, since the Clerk had not yet entered a default against them. (ECF Nos. 30, 50-51, 55). On November 9, 2016, the Court directed Ms. Tower to show cause within fourteen days why the action should not be dismissed against Kenkebooks and Any Book for failure to effect service. (ECF No. 58). The Magistrate Judge recently recommended dismissal of the action against Kenkebooks and Any Book. (ECF No. 88).

As for Defendant Amazon, the amended complaint alleges that:

> Amazon.com Inc was negligent by not exercising due care when paying vendors listing my materials on their Web site Amazon.com Inc repeatedly paid Kenkebooks and Any Book "first rights" to my copyrighted materials. Amazon paid Kenkebooks for selling

---

[1] TAT Books, Tower Productions, and BRT Adventure Books are listed as additional plaintiffs in the complaint, but are not discussed therein. The entities all appear to be related to Ms. Tower, and subsequent briefing by plaintiff appears to be only on behalf of Ms. Tower individually. Indeed, it is doubtful that the other entities could proceed *pro se* in this case, given that corporations must appear by counsel. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (parties are "not permit[ted] to appear *pro se* where interests other than their own are at stake"); *Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (internal quotations omitted) ("a nonlawyer can't handle a case on behalf of anyone except himself."). In any event, the Court's references to "Plaintiff" or "Ms. Tower" will refer to all apparent plaintiff entities, and the judgment herein applies to all.

2

> more copies than the publisher said was printed. When you log onto Amazon's Web site to purchase my book, it defaults to Kenkebooks.

ECF No. 30 at 3. The relief Ms. Tower requests from Amazon is to:

> cease and dissist [sic] order and remove Kenkebooks and Anybooks from selling my book. Find Amazon negligent by not exercising due care and due diligence in copyright first rights payment and a judgment for them to pay me all sales money for my book.

*Id.* at 4. On May 15, 2017, Amazon filed the instant motion for summary judgment (ECF No. 79) arguing that the claims against it must be dismissed for two reasons. First, Amazon argues that Ms. Tower fails to state a claim because neither Kenkebook nor Any Books sold any copies of her Book on Amazon. (*Id.* at 6). Second, Amazon argues that Ms. Tower's claims are barred by the first-sale doctrine because all copies of the Book allegedly listed on Amazon by Kenkebook and/or Any Book were "used" copies. (*Id.* at 7-9). Ms. Tower filed her response in opposition to Amazon's motion for summary judgment on May 30, 2017, and simultaneously requested summary judgment on her behalf. (ECF No. 82). She argues that Amazon does not reasonably demonstrate that only seven copies of the Book were sold and that Amazon and its third party sellers violated her copyright by selling materials that belong to her. (*Id.* at 2-3).

## II. STANDARD

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." A fact is deemed material only if it "might affect the outcome of the lawsuit under the governing substantive law." *Wiley v. United States,* 20 F.3d 222, 224 (6th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The nonmoving party must then present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.,* 8 F.3d 335, 340 (6th Cir. 1993). The mere possibility of a factual dispute is

insufficient to defeat a motion for summary judgment. *See Mitchell v. Toledo Hospital,* 964 F.2d 577, 582 (6th Cir. 1992). Summary judgment is inappropriate, however, "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The necessary inquiry for this Court is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden,* 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson,* 477 U.S. at 251-52). In evaluating such a motion, the evidence must be viewed in the light most favorable to the nonmoving party. *United States S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient to survive the motion; there must be evidence on which the jury could reasonably find for the opposing party. *See Anderson,* 477 U.S. at 251; *Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir. 1995).

### III. ANALYSIS

The crux of Ms. Tower's complaint against Amazon is that Amazon was negligent in paying Kenkebooks and Any Book (instead of Ms. Tower) "first rights" to her copyrighted material—*Crossing the Enemy: The Identity Crisis*.[2] There is no evidence in the record, however, that Amazon paid Kenkebooks or Any Book any money relative to Ms. Tower's Book, or owed any money to Ms. Tower for sales of her Book. To the contrary, Amazon submitted

---

[2] In her Cross-Motion for Summary Judgment, Ms. Tower brings up additional copyrighted works, including a movie, a music CD, e-books, and another book entitled *Five Enemies to Sustainable, Joyful Christian Living*. (ECF No. 82 at 14, 19). The complaint, however, makes clear that the dispute is about one book. *See* ECF No. 30 at 3 ("When you log onto Amazon's Web site to purchase *my book*, it defaults to Kenkebooks") (emphasis added); *Id.* at 4 (requesting injunctive relief to prevent "Kenkebooks and Anybooks from selling *my book*" and judgment requiring them to "pay me all sales money for *my book*") (emphasis added). Further, Ms. Tower's responses to Amazon's discovery requests indicate that the copyright material at issue is one book—*Crossing the Enemy: An Identity Crisis*. (ECF No. 79-2, Interrogatory Nos. 4, 5, 7). Therefore, the new material Ms. Tower references will not be considered here. *See Kline v. Mortgage Electronic Security Systems*, 154 F.Supp.3d 567, 600 (S.D. Ohio 2015) ("A plaintiff may not advance a new claim or theory in response to a motion for summary judgement.").

evidence that neither Kenkebooks nor Any Book ever sold a single copy of the Book, and therefore Amazon did not pay them any money in connection with the title. (ECF No. 79-1, McGrath Aff. ¶¶ 11-17, Ex. C). The evidence submitted by Amazon shows that only seven copies of the Book were sold—one by Ms. Tower's company, and six by Amazon itself. (*Id.* at Ex. A). The record reflects that each of the six books sold by Amazon was purchased from Dorrance Publishing. (*Id.* at ¶ 9, Ex. B). Therefore, if anyone owes royalties from the sale of those six books, it is Dorrance Publishing—"[u]nder the first-sale doctrine, [Amazon] . . . did not need plaintiff's permission to list for resale or resell copies of plaintiff's book, and neither were they obligated to compensate plaintiff." *Davis v. Amazon, Inc.*, No. 1:15-cv-753, 2016 U.S. Dist. LEXIS 96198 (S.D. Ohio, March 21, 2016, Magistrate J. Litkovitz) *adopted by Davis v. Amazon.com*, 2016 U.S. Dist LEXIS 95947 (S.D. Ohio July 22, 2016, J. Dlott).

Ms. Tower does not submit any affirmative evidence showing a different number of books sold or showing that Any Book or Kenkebooks did, in fact, make sales of the Book for which Amazon owes her money. Instead, she relies on a few arguments to rebut Amazon's evidence, none of which are persuasive. First, Ms. Tower argues that the evidence Amazon submitted to show the sales of the Book was not sufficient to "reasonably demonstrate that they only sold six (6) books" and that the spreadsheet produced "did not look like an official Amazon document." (ECF No. 82 at 29). This Court disagrees. In an affidavit, an Instock Manager for Amazon.com, explained how a search was done on January 31, 2017 using the Book's Amazon Standard Identification Number. (ECF No. 79-1; McGrath Aff. at ¶¶ 4-6). The search results, attached as Exhibit A to the affidavit, show that seven copies of the book were sold—6 to Seller ID 608808520, which the affidavit states corresponds to Amazon, and 1 to Seller ID 1893849101, which the affidavit states corresponds to Tower Publishing Co. (*Id.* at ¶ 7; Ex. A).

The Court finds no reason to doubt the veracity of Amazon's affidavit and evidence, and without more, will not do so.

Second, Ms. Tower argues that both the ranking of her Book on Amazon and the high price for which the Book is sold indicate a public demand, suggesting that more copies of the Book were sold. (ECF No. 82 at 17-18, 22, 27; Tower Aff. at ¶¶ 12, 14). In support of her argument, Ms. Tower states that someone from Amazon told her that "a book has to sell in order for it to rank that day." (ECF No. 82, Tower Aff. at ¶ 12). Amazon disputes that statement, and submitted an affidavit explaining that rankings can change even if a book is not sold. (ECF No. 87-1, Smalls Aff. at ¶ 16). As further support for her argument, Ms. Tower submitted evidence showing her Book's ranking. (*See* ECF No. 82-2). It is unclear from the evidence Ms. Tower submitted whether her Book ranked #181, 474 out of over 8,000,000 books, or #10,278,520 out of over 8,000,000 books. In any event, the evidence she submitted shows the Book's ranking on March 31, 2011—the day that four copies of her Book were in fact sold, which would account for a higher ranking. (*Id.*; ECF No. 79-1, Ex. A). Without evidence that any additional books were sold, or that *any* books were sold by Kenkebooks or Any Book, Ms. Tower's argument that the Court should make an inference from the sales price or ranking is insufficient to create a genuine dispute of material fact.

Next, Ms. Tower argues that Kenkebooks would list one used Book for sale, then the next day state "no used books" were for sale, but then the following day list one used Book again, suggesting that "in appearance, Kenkebooks looks as if it only has one (1) book for sale but it is in fact selling multiple books." (ECF No. 82 at 13; Tower Aff. at ¶ 10). Even if it were true that Kenkebooks had inconsistent or inaccurate listings, however, Ms. Tower offers no evidence that any books were actually sold by Kenkebooks or that Amazon paid them any royalties. The sales

data of Kenkebook and Any Book show that neither company sold a single copy of the Book. (ECF No. 79-1 at Ex. C).³ Without more, her argument that the Book was sometimes listed and other times wasn't, is not sufficient to show a genuine dispute of material fact.

Finally, Ms. Tower argues that summary judgment should not be granted in Amazon's favor because Amazon failed to disclose three pieces of information: (1) the name of the buyers to which it sold six copies of the Book; (2) whether Kenkebook or Any Books were among those buyers; and (3) the type of contract that Kenkebooks and Any Books had with Amazon. (ECF No. 82 at 3-4, 11-16). As to the first, the names of the buyers are not relevant and would make no material difference to Ms. Tower's case. Amazon bought the book from Dorrance Publishing (ECF No. 79-1, McGrath Aff. ¶ 9, Ex. B), which would constitute the "first sale" under the first-sale doctrine. Under the first-sale doctrine, "once a copyright owner consents to release a copy of a work to an individual (by sale, gift, or otherwise), the copyright owner relinquishes all rights to that particular copy." *Brilliance Audio, Inc. v. Haights Cross Communs., Inc.*, 474 F.3d 365, 373 (6th Cir. 2007). Here, Amazon's sales constitute the second sales of the Book, the first being from Dorrance Publishing to Amazon. If anyone owes any royalties for that sale, it would be Dorrance Publishing. For the same reason, it does not matter whether Kenkebook or Any Books bought any of the six copies from Amazon.

That leaves Ms. Tower's final argument regarding the fact that Amazon failed to disclose the type of contract it has with Kenkebook and Any Book. Ms. Tower argues that if it's a "Fulfillment" contract, "Amazon has to house the books" which creates "speculation that they are printing the book for the third-party sellers; hence Copyright Infringement." (ECF No. 82 at 15). Mere speculation that Amazon may be "printing the book" is far from sufficient to meet

---

³ The confidential sales data was submitted under seal as Exhibit C to the McGrath Affidavit, per the Court's May 10, 2017 Order. ECF No. 78.

Plaintiff's burden at the summary judgment stage. *See* Fed. R. Civ. P. 56(c) (requiring evidence from "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials").

Overall, Ms. Tower has not presented enough evidence to rebut Amazon's case or prove her own.[4] She relies primarily on her own, self-serving affidavit, but "[s]elf-serving affidavits, alone, are not enough to create an issue of fact sufficient to survive summary judgment." *Wolfe v. Vill. of Brice, Ohio*, 37 F. Supp. 2d 1021, 1026 (S.D. Ohio 1999) (Marbley, J.); *see also Hoffner v. Bradshaw*, 622 F.3d 487, 500 (6th Cir. 2010) (finding plaintiffs "self-serving affidavit carries little weight, especially in light of the copious evidence in the record to contradict it"); *Am. Speedy Printing Centers, Inc. v. AM Mktg., Inc.*, 69 F. App'x 692, 696 (6th Cir. 2003) ("[T]he affidavit [i]s simply inadequate to raise any genuine issue of material fact."). The Court thus **GRANTS** Amazon's Motion for Summary Judgment and **DENIES** Ms. Tower's Motion for Summary Judgment.

## IV. CONCLUSION

The Court **GRANTS** Amazon's Motion for Summary Judgment (ECF No. 79) and **DENIES** Ms. Tower's Cross-Motion for Summary Judgment (ECF No. 82).

**IT IS SO ORDERED.**

                                              s/Algenon L. Marbley
                                              **ALGENON L. MARBLEY**
                                              **UNITED STATES DISTRICT COURT**

**Dated: February 26, 2018**

---

[4] It is unclear from Ms. Tower's motion which arguments are in opposition to Amazon's motion for summary judgment and which are made in support of her own motion for summary judgment, but in any event, the arguments are all unpersuasive for the reasons described above.