# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TABATHA A. TOWER, | : |
| Plaintiff, | : Case No. 2:15-CV-2405 |
| | : JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Chelsey M. Vascura |
| ROSEDOG BOOKS, *et al.*, | : |
| Defendants. | : |

## OPINION & ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Prosecution. (ECF No. 92). For the reasons that follow, this Court **GRANTS** the Defendants' Motion and **DISMISSES** the moving Defendants **without prejudice**.

## I. BACKGROUND
### A. Factual Background

The facts of this case have been set out in prior orders and so are repeated briefly here. (ECF Nos. 55, 58, 88). Plaintiff, proceeding *pro se*, is an author who sued Amazon.com, Inc., RoseDog books, Kenkebooks, and Anybooks, alleging copyright violations and insufficient payment by the Defendants. Plaintiff filed her initial Complaint on June 12, 2015 against these four defendants. (ECF No. 1). Subsequently, she filed an Amended Complaint against the same defendants on December 12, 2015. (ECF No. 30). Defendant Rosedog Books filed a Motion to Dismiss on December 15, 2015. (ECF No. 33). Defendant Amazon.com, Inc. filed an Answer on December 23, 2015. (ECF No. 36).

On May 12, 2016, Plaintiff moved for an entry of default but did not specify against whom. (ECF No. 40). She subsequently filed another application for entry of default and a motion for default judgment on July 19, 2016. (ECF Nos. 50 & 51). These motions were denied

on August 18, 2016. (ECF No. 55). In November 2016, this Court considered whether the case must be dismissed because Plaintiff failed to perfect service. (ECF No. 58). Rule 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff was ordered to show cause as to why her complaint against Kenkebooks and Anybooks should not be dismissed pursuant to Rule 4(m). Plaintiff failed to perfect service when she failed to include a copy of the Complaint with the summons that was sent by the Clerk's office, and she served Amazon personally, in violation of Rule 4(c)(2). Plaintiff failed to respond to the Court's Show Cause Order, and the Court ordered the case dismissed with prejudice as to Defendants Kenkebooks and Anybooks. (ECF No. 90).

Now, Defendants RoseDog Books and Dorrance Publishing Co. have similarly made a motion to dismiss for lack of prosecution. (ECF No. 92). As to these Defendants, this Court has previously considered Plaintiff's claims and found them to be arbitrable pursuant to an agreement Plaintiff signed with these Defendants. (ECF No. 55). That Order was docketed August 18, 2016. In the intervening twenty-eight months, the Plaintiff has apparently taken no steps toward initiating that arbitration. The Defendants have filed this Motion to Dismiss for Lack of Prosecution.

**B. Legal Background**

Rule 41(b) of the Federal Rules of Civil Procedure provides that "a defendant may move to dismiss the action or any claim against it" if the plaintiff "fails to prosecute" the case. Fed. R. Civ. P. 41(b). A district court has the discretion to dismiss a case under Rule 41(b) if a party has

"actual notice that a dismissal is contemplated." *Erby v. Kula*, 113 Fed.Appx. 74 (6th Cir. 2004) (unpublished) (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)).

In addition, the district court has the inherent authority to manage its docket. *In re Prevot*, 59 F.3d 556, 565 (6th Cir. 1995). This includes the power to dismiss a plaintiff's action due to a failure to prosecute. This power is rooted in the need to prevent undue delays during litigation and to "avoid congestion in the calendars of the District Courts." *Link v. Wabash Ry. Co*, 370 U.S. 626, 629-30 (1962). The district court may use this "tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. AT&T,* 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation omitted). The decision to dismiss for a failure to prosecute lies in the sound discretion of the trial court. *Knoll*, 176 F.3d at 363.

Dismissing a claim for want of prosecution is a "harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Schafer v. City of Defiance Police Dep't*., 529 F.3d 731, 736 (6th Cir. 2008). In *Schafer*, the Sixth Circuit set out four factors by which to evaluate a district court's dismissal for want of prosecution: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Schafer*, 529 F.3d at 737. None of these factors is dispositive, and a "case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.

## II. ANALYSIS

This Court begins with the *Schafer* factors. First, there is no clear statement on the record explaining the Plaintiff's failure to prosecute. This Court is reluctant, absent such information, to label this behavior willfulness or bad faith, but it could at least be "fault" inasmuch as the

3

Plaintiff has the power and prerogative to advance this case and has failed to do so. Second, there has been some prejudice suffered by the Defendants inasmuch as they have been required to expend time and resources responding to the Plaintiff's complaints and motions. In addition, the Defendants have been prejudiced because they must exist in limbo, waiting for the Plaintiff to begin arbitration proceedings. Third, the Plaintiff should be aware that failure to cooperate could lead to dismissal. Her claims against two other defendants, Anybooks and Kenkebooks, were dismissed in August 2016 following her failure to respond to the Court's Show Cause Order.

In addition, after this Court found her claims against the instant Defendants to be arbitrable, Plaintiff has apparently not taken any steps to initiate this arbitration. In this Court's Order on arbitration, this Court noted it has no power to refer arbitration anywhere but the Southern District of Ohio. Because the contract called for arbitration in Pittsburgh, Pennsylvania, this Court could only find the claims arbitrable and stay the matter pending arbitration, which it did. Then, this Court discussed but ultimately decided against dismissing the case with prejudice. Instead, this Court noted that although a court "may dismiss a case entirely and with prejudice upon a finding that, as here, each of the claims at issue should be referred to arbitration…[the] Court nonetheless finds dismissal improper in this circumstance because…the Court has merely found that the claims are arbitrable but has not compelled arbitration." (ECF No. 55 at 10). Plaintiff thus had multiple levels of notice: first, when two other defendants were dismissed after she failed to respond to the Court's Order; and second, after this Court found her claims against the instant Defendants arbitrable but nevertheless denied the motion to dismiss.

The final *Schafer* factor is whether sanctions were imposed or considered before dismissal was ordered. Some routine sanctions the Court has the power to order would have no effect here. For instance, if a party does not comply with a discovery order, the Court can order

those facts admitted. However, for a party who is failing to prosecute her claims, the Court has only limited sanctions available, for it cannot compel her to act. This Court has done its best to prod the Plaintiff to prosecute her case. More than once, the consequences of her failure to prosecute have been made clear to Plaintiff. Although none of the *Schafer* factors is dispositive, the totality of the circumstances indicate that dismissal is warranted in this case.

Finally, the Court notes that Plaintiff here is *pro se*. Courts must apply "less stringent standards" to *pro se* litigants. *Estell v. Gambel*, 429 U.S. 97, 106 (1976). But "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). On certain matters, "there is no basis for treating [a *pro se* litigant] more generously than a represented litigant," including "an easily understood court-imposed deadline." *Pilgrim*, 92 F.3d at 416. There is no indication that Plaintiff does not understand what is required of her; rather, the facts – to the extent the record has been developed in this case – indicate merely a failure to act. This Court therefore exercises its discretion to dismiss the case for failure to prosecute. This Court's prior Order about the arbitrability of Plaintiff's claims still stands, however, and notwithstanding this dismissal, she may arbitrate her claims pursuant to her agreement with RoseDog.

### III. CONCLUSION

For the reasons above, this Court hereby **GRANTS** the Defendants' Motion to Dismiss. Plaintiff's claims against Defendants RoseDog Books and Dorrance Publishing, Inc. are **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

                                                           __s/Algenon L. Marbley__
                                                           **ALGENON L. MARBLEY**
                                                           **UNITED STATES DISTRICT JUDGE**

**DATED: February 25, 2019**